UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JEAN KARLO CONQUISTADOR       :   Civ. No. 3:20CV01658(KAD)
                              :
v.                            :
                              :
GEORGE HURDLE, et al.         :
                              :   November 16, 2020
------------------------------x
```

**RECOMMENDED RULING**

This matter was referred to the undersigned for a ruling on the Motion for Leave to Proceed in forma pauperis [**Doc. #2**] filed by self-represented plaintiff Jean Karlo Conquistador ("plaintiff") and for review of the Complaint [**Doc. #1**], pursuant to 28 U.S.C. §1915. See Doc. #7. For the reasons set forth below, the undersigned recommends that the Complaint, in large part, be permitted to proceed to service of process, but that certain demands for relief be dismissed, with prejudice.

**I.   Background**

Plaintiff brings this action against three defendants: George Hurdle, a "Correctional Captain[,]" and correctional officers Blekis and Kennedy, each in their individual and official capacities. Doc. #1 at 1. Plaintiff's claims arise out

1

of an incident that occurred on August 13, 2019, while plaintiff was incarcerated at Garner Correctional Institution.[1]

Plaintiff alleges that on that date, defendant Hurdle supervised defendants Kennedy and Blekis as they escorted plaintiff to a cell for placement on "Behavioral Observation Status." Id. at 2. Plaintiff asserts that "Defendants Kennedy and Blekis, particularly Blekis, ceaselessly twisted the Plaintiff's wrists with excessive force in efforts to get the Plaintiff to yell and physically respond to the malicious force[,]" and that "Defendant Hurdle failed to intervene." Id. Plaintiff alleges that "[o]n multiple occasions" he had "threatened to file civil action against Defendant Hurdle[]" and that he also "threatened to file civil action against the Defendants for the malfeasance." Id.

Plaintiff brings this action pursuant to 42 U.S.C. §1983, describing the claims as follows: "(1) Retaliation, (2) Deliberate Indifference, and (3) Cruel and Unusual Punishment" in violation of plaintiff's "1st, 8th, and 14th Amendment rights to the United States Constitution." Id. at 3 (sic). Plaintiff demands "$250,000.00 in Punitive and Compensatory Damages" against all defendants and "Demotion and thirty (30) day suspension of Defendants without pay." Id.

---

[1] The Connecticut Department of Correction's website indicates that plaintiff is no longer incarcerated.

**II.   28 U.S.C. §1915**

The determination of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). Plaintiff asserts that he is unable to afford to pay fees and costs, and has submitted an affidavit that sets forth his financial circumstances. See Doc. #2. At this stage, plaintiff's allegations are sufficient to establish that plaintiff is unable to pay the ordinary filing fees required by the Court. See 28 U.S.C. §1915(a)(1). Accordingly, the Court **GRANTS** plaintiff's motion to proceed in forma pauperis [**Doc. #2**].

Second, section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). In the interest of efficiency, the Court reviews complaints under this provision shortly after filing to determine whether the plaintiff has stated a cognizable, non-frivolous claim.

The Court ordinarily construes complaints filed by self-represented plaintiffs liberally. See McLeod v. Jewish Guild for

the Blind, 864 F.3d 154, 156-57 (2d Cir. 2017). However, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with the litigation process, as this plaintiff does.[2] In such cases, "the deference usually granted to pro se plaintiffs need not be expansively drawn." Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

**III. Discussion**

    A. Substantive Counts

        *1. Count One: Retaliation*

Plaintiff describes Count One as "Retaliation[.]" Doc. #1 at 3. The Court construes Count One as asserting a claim for retaliation against defendants Hurdle, Kennedy, and Blekis, in violation of plaintiff's First Amendment rights. **Count One may proceed to service of process against defendants Hurdle, Kennedy, and Blekis.**

        *2. Count Two: Failure to Intervene*

Plaintiff describes Count Two as "Deliberate Indifference[.]" Doc. #1 at 3. However, he does not appear to

---

[2] Plaintiff has filed a number of lawsuits in this District. Indeed, a cursory search reveals that plaintiff has filed more than twenty cases in the District of Connecticut since 2016. See, e.g., Conquistador v. Martin et al., No. 3:19CV01965(KAD); Conquistador v. Meriden, et al., No. 3:18CV00685(KAD); Conquistador v. Connecticut, et al., No. 3:17CV01970(MPS); Conquistador v. New Britain, et al., No. 3:16CV00839(MPS).

assert a claim for "deliberate indifference" as that term is commonly understood. Plaintiff alleges that "[a]t all times of malicious behavior by Defendants Kennedy and Blekis Defendant Hurdle failed to intervene." Id. at 2. The Court construes Count Two as asserting a claim for failure to intervene against defendant Hurdle. "[P]rison officials[] can be held liable under §1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence." Samuels v. Fischer, 168 F. Supp. 3d 625, 646 (S.D.N.Y. 2016) (collecting cases) (citation and quotation marks omitted). **Count Two may proceed to service of process against defendant Hurdle.**

*3. Count Three: Excessive Force*

Plaintiff describes Count Three as "Cruel and Unusual Punishment[.]" Doc. #1 at 3. Plaintiff alleges that defendants Kennedy and Blekis twisted his wrists while they moved him to a different cell, and that "the twisting of Plaintiff's wrists was unnecessary as the Plaintiff was compliant[.]" Doc. #1 at 2. The Court construes Count Three as a claim that defendants Kennedy and Blekis used excessive force against plaintiff, in violation of the Eighth Amendment. See Conquistador v. Syed, No. 3:19CV01450 (KAD), 2020 WL 229319, at *2 (D. Conn. Jan. 15, 2020) ("The use of excessive force against a prisoner can constitute cruel and unusual punishment in violation of the

5

Eighth Amendment." (citing Hudson v. McMillian, 503 U.S. 1, 4 (1992))). Plaintiff does not bring this claim against defendant Hurdle; there is no claim that defendant Hurdle used force against him. See Doc. #1. **Accordingly, Count Three may proceed to service of process against defendants Kennedy and Blekis**.

   B. Demand for Relief

      *1. Damages from Defendants in their Official Capacities*

Plaintiff seeks "$250,000.000 in Punitive and Compensatory Damages against any and all Defendants in this suit." Doc. #1 at 3. Plaintiff brings this suit against each defendant in his individual and official capacity. See id. at 1. "The Eleventh Amendment bars claims for damages against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it."[3] Syed, 2020 WL 229319, at *2 (citing Kentucky v. Graham, 473 U.S. 159, 169 (1995)). 42 U.S.C. §1983 "does not abrogate sovereign immunity." Syed, 2020 WL 229319, at *5 (citing Quern v. Jordan, 440 U.S. 332, 343 (1979)). Plaintiff does not contend that Connecticut has waived

---

[3] Plaintiff should be well aware that Department of Correction officials may not be sued for money damages in their official capacities, as the Court has explained that in at least one other of plaintiff's cases. See Syed, 2020 WL 229319, at *5 (dismissing "all claims for damages against the [correctional officer] defendants in their official capacities" because such relief is precluded by the Eleventh Amendment).

immunity in this case. **Accordingly, all claims for damages against the defendants in their official capacities are DISMISSED, with prejudice.**

   *2. Injunctive Relief*

Plaintiff also demands injunctive relief in the form of the "[d]emotion and thirty (30) day suspension of Defendants without pay." Doc. #1 at 3. Because plaintiff is no longer an inmate at Garner Correctional Institution, his claims for injunctive relief against defendants, who are corrections officers at that facility, are moot.[4] See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."); see also Reese v. Lightner, No. 3:18CV01922(KAD), 2020 WL 1043794, at *2 (D. Conn. Mar. 4, 2020) ("[A]n inmate's claims for injunctive and declaratory relief against correctional staff ... become moot when the inmate is transferred to a different facility or released from custody because those forms of relief become unnecessary and can no longer be awarded.").

Furthermore, the named defendants are individual corrections officers. As such, they are unable to provide the

---

[4] According to a search of the Connecticut Judicial Branch website, plaintiff has no pending criminal cases. Therefore, it appears unlikely that plaintiff will be back in the custody of the Department of Correction in the immediate future.

injunctive relief plaintiff seeks; that is, none of the defendants has the authority to demote or suspend himself or herself, or to demote or suspend any of the other defendants. **Accordingly, plaintiff's claims for injunctive relief against all defendants are DISMISSED, with prejudice.**

*3. Dismissal with Prejudice*

When the Court recommends dismissal of part or all of a complaint filed by a self-represented party, the Court often grants plaintiff an opportunity to amend the Complaint. In this case, however, the Court recommends that plaintiff's claims for damages against the defendants in their official capacities, and his claims for injunctive relief, be dismissed with prejudice.

As set forth above, plaintiff's claims for damages against defendants in their official capacities are prohibited by the Eleventh Amendment. Plaintiff's claims for injunctive relief are moot because plaintiff is no longer incarcerated at Garner Correctional Institution, and because defendants do not have the ability to provide the relief plaintiff seeks. Under these circumstances, amendment of the Complaint would be futile. "The problem with [plaintiff's complaint] is substantive; better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the undersigned recommends that plaintiff's claims for damages against defendants in their

official capacities, and plaintiff's claims for injunctive relief, be **DISMISSED, with prejudice**.

## IV. Conclusion

For the reasons stated above, plaintiff's Motion for Leave to Proceed in forma pauperis [**Doc. #2**] is **GRANTED**. The undersigned recommends that the Complaint proceed to service of process as to: Count One, against all defendants; Count Two, against defendant Hurdle; Count Three, against defendants Kennedy and Blekis; for damages against the defendants in their individual capacities. The undersigned recommends that plaintiff's claims for damages against the defendants in their official capacities, and his claims for injunctive relief, be dismissed, with prejudice.

This is a Recommended Ruling. Ordinarily, any objection to a Recommended Ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with the order. However, plaintiff receives notice by mail. Accordingly, an additional five days are added to the time for objection, and **thus any objections must be filed on or before December 7, 2020**. Failure to object within this time frame will preclude appellate review. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); FDIC v. Hillcrest Assocs., 66 F.3d 566, 569 (2d Cir. 1995).

**If plaintiff disagrees with the Court's recommendation regarding his demands for relief, plaintiff may file an**

9

**objection on or before December 7, 2020.**

**If the Court does not receive an objection on or before that date, the Complaint will proceed to service of process as limited herein.**

SO ORDERED at New Haven, Connecticut, this 16th day of November, 2020.

                                                    /s/
                                       HON. SARAH A. L. MERRIAM
                                       UNITED STATES MAGISTRATE JUDGE