UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Jean K. CONQUISTADOR, *Plaintiff*, | ) ) ) | 3:20-CV-01658 (KAD) |
| v. | ) ) | |
| George HURDLE ET AL., *Defendants*. | ) ) | JUNE 10, 2021 |

**MEMORANDUM OF DECISION & ORDER**
**RE: MOTION FOR SANCTIONS, ECF NO. 33**

Kari A. Dooley, United States District Judge:

Pending before the Court is Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 37 arising out of *pro se* Plaintiff Jean K. Conquistador's failure to attend his duly noticed deposition. Defendants seek dismissal of this action but request lesser sanctions if the Court does not dismiss the action. (ECF No. 33, 1.) Plaintiff does not dispute that the deposition was properly noticed and nor does he claim that he had a legal justification for refusing to attend the deposition. Plaintiff instead claims that he received the COVID-19 vaccine the day prior to the deposition and was unable to attend the deposition due to the vaccine's side effects.

For the reasons set forth below, Defendants' motion is GRANTED in part.

**Background**

Plaintiff filed his complaint on November 3, 2020 along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) The complaint sought relief for constitutional injuries from Connecticut Department of Corrections officials George Hurdle, Correctional Officer Blekis, and Correctional Officer Kennedy, each in their official and personal capacity. (ECF No. 1.) A scheduling order entered that same day, setting a deadline for discovery to be completed by May 5, 2021, which date has now passed. (ECF No. 6.) Upon initial review, Judge Merriam recommended that the

Complaint be allowed to proceed but that several demands for relief, including Plaintiff's request for injunctive relief and for any relief from Defendants in their official capacity be dismissed. (ECF No. 8.) The Court adopted Judge Merriam's recommended ruling on December 9, 2020. (ECF No. 15.) Defendants Blekis and Kennedy subsequently filed an Answer to the Complaint on March 8, 2021.[1] (ECF No. 26.)

On May 4, 2021, Defendants filed the instant motion for sanctions. (ECF No. 33.)

**The Missed Deposition, the Motion for Sanctions, and Plaintiff's Response**[2]

On April 19, 2021, Defendants issued a Notice of Deposition to Plaintiff, with the deposition to occur on May 4, 2021 at 11:00 AM and to be conducted via remote video conference. Defendants served this notice by email, which repeated the time for and means of conducting the deposition. Defendants' email also contained a statement indicating that if the proposed date and time "does not work," then Defendants would work with Plaintiff to find a new date for the deposition. Plaintiff responded to this email with one of his own stating "Works for me." Plaintiff did not respond to Defendants' reply, which indicated that the court reporting service would be in contact with the relevant links for the video deposition.

On May 3, 2021, the court reporting service sent both parties a link to access the remote deposition scheduled for the following day. Defendants followed up the service's email with one to Plaintiff both to confirm that Plaintiff had received the link and to inform Plaintiff that Defendants would be emailing Plaintiff several exhibits the next morning, prior to the deposition's start time. Plaintiff did not respond to Defendants' email.

---

[1] Therein, Defendants Blekis and Kennedy indicate that Defendant Hurdle has not yet been served. (ECF No. 26 ¶ 3.)
[2] Defendants' motion for sanctions contains a detailed explanation of the events leading up to and following the missed deposition. This explanation is both supported by exhibits attached to Defendants' motion and is uncontested by Plaintiff. Except where otherwise noted, the following recitation is therefore taken from Defendants' motion.

2

The morning of the deposition, May 4, 2021, Defendants emailed Plaintiff the relevant exhibits, as promised and at 9:41 AM and 9:49 AM. Plaintiff did not respond to these emails. Defendants proceeded to join the remote deposition at 11:00AM, as scheduled, and, after Plaintiff did not join the deposition, attempted call Plaintiff at approximately 11:05 AM. Defendants received no response. At 11:30 AM, Defendants went on the record, noted Plaintiff's absence and Defendants' attempt to contact him, and then ended the deposition.

At approximately 1:15 PM, Plaintiff called Defendants and acknowledged that there had been a deposition scheduled for that day and that he had missed it. Plaintiff also stated that he was having a reaction to the COVID-19 vaccine, which he had received the previous day, May 3. Plaintiff claimed to have provided notice to Defendants about his condition and the need to reschedule the deposition, and Defendants' counsel replied that he had received no such communication. Defendants then stated that they would be filing a motion with the Court and asked about dates for rescheduling the deposition. At this point, Plaintiff hung up, and shortly thereafter, Plaintiff sent an email to Defendants. This email shows that, at 8:09AM on May 4, Plaintiff replied to the court reporting service's May 3 email and stated that Plaintiff could not attend the day's deposition because he was having a bad reaction to the COVID-19 vaccine.

As indicated, Defendants filed the instant motion for sanctions later in the day on May 4, 2021. Therein, Defendants ask for dismissal of Plaintiff's claim, particularly if Plaintiff does not document that he received the COVID-19 vaccination as claimed. In the alternative, Defendants asked that Plaintiff be ordered to pay the costs and fees incurred for the missed deposition as well as any costs and fees incurred for a re-scheduled deposition. On May 6, 2021, the Court entered an order requiring Plaintiff to submit, under seal, documentary evidence of his COVID-19

vaccination along with his response to Defendants' motion for sanctions on or before May 27, 2021. (ECF No. 34.)

On May 26, 2021, Plaintiff filed a document styled as a "First RESPONSE *TO JUDGE KARI A. DOOLEY'S ORDER IMPLYING RELEASE OF MEDICAL INFORMATION*." (ECF No. 36.) Therein, Plaintiff declares under penalty of perjury that he received his COVID-19 vaccination on May 3, 2021 and became ill that evening, that he replied to an email sent to him concerning the deposition, and that he was too ill to attend the deposition because of his reaction to the vaccine. Plaintiff does not otherwise address the factual recitation provided by the Defendants and he offers no legal argument concerning the propriety of sanctions under the circumstances, but the Court infers from the submission that Plaintiff would contest the propriety of any sanctions order. Notably, Plaintiff did not attach any documentary evidence that he received the COVID vaccine on May 3, 2021.

**Legal Standard**

"Federal Rule of Civil Procedure 37(d) authorizes sanctions whenever 'a party, or a party's officer, director or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)— fails, after being served with proper notice, to appear for that person's deposition.'" *In re Bear Stearns Companies, Inc. Securities, Derivative, & Erisa Litig.*, 308 F.R.D. 113, 119 (S.D.N.Y. 2015) (quoting Fed. R. Civ. P. 37(d)). Further, "[i]it is well-established . . . that a party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith." *Flores v. Entergy Nuclear Operations, Inc.*, 313 F. Supp. 3d 511, 521 (S.D.N.Y. 2018) (quoting *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014)). Instead, once it is confirmed that a party missed a properly noticed deposition, the burden of proof is on the nonmovant to show " 'that his failure is justified or that

special circumstances make an award of expenses unjust.' " *See id.* (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) (quoting Fed. R. Civ. P. 37(b) Advisory Committee's Note to the 1970 Amendments)). "[C]onduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *John Wiley & Sons, Inc.*, 298 F.R.D. at 148 (quotations and citations omitted).

**Discussion**

Applying these standards to this case, the Court finds that Rule 37 sanctions are warranted for Plaintiff's failure to attend his properly noticed deposition. First, there is no question that Defendants properly noticed his deposition. Indeed, Plaintiff confirmed, on April 19, 2021, that the date, time, and means of the deposition, all of which were contained in a formal notice sent to Plaintiff, "Work[ed]" for him. Thus, Plaintiff knew of his obligations far in advance of the scheduled deposition and failed to attend anyway.

By way of explaining his absence, Plaintiff asserts that he was ill as a result of having received the COVID-19 vaccine. But this explanation, even if credited, does not justify the Plaintiff's conduct. First, he failed to respond to any of Defendants' emails on May 3 alerting counsel to a potential problem going forward. He clearly knew how to contact Defendants' counsel yet chose not to do so, and instead, on the morning of May 4, he responded to the court reporter's link email. He again elected not to contact Defendants' counsel even after receiving emails on the morning of May 4, 2021 with the exhibits for the deposition attached. Notably, he received those emails **after** he purports to have sent the cancellation email. In the first of those emails, Defendants' counsel states, "I will see you at 11am for our video deposition." The fact that the deposition had not been cancelled or rescheduled could not have been made clearer to Plaintiff. He nevertheless did not respond to the email, appear for the deposition at 11:00 AM, or respond

to a phone call from Defendants' counsel at around 11:05 AM. Indeed, he did not make any attempt to contact Defendants' counsel until approximately 1:15 PM, over two hours after the deposition was scheduled to start. Moreover, when he finally did speak with Defendants' counsel and was asked about rescheduling, Plaintiff abruptly hung up on counsel.

These behaviors—particularly ending a call when offered a chance to mitigate the damage from the missed deposition—are not the actions of an individual who is acting in good faith to meet his obligations under difficult circumstances. Indeed, had Plaintiff responded to the emails from the morning of the scheduled deposition, there may well have been time to cancel the deposition without costs being incurred. Further, Plaintiff is a seasoned litigator who knows full well how to communicate with his adversaries.[3] *See Davidson v. Dean*, 204 F.R.D. 251, 257 (S.D.N.Y. 2001) (citing *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994)). But, despite allegedly falling ill on May 3, Plaintiff waited until the morning of the deposition to send any communication to any individual involved in the deposition, and when Plaintiff did send such communication, he sent it to *the court reporting service*. The inference to be drawn from this series of events is that

---

[3] Plaintiff has filed at least twenty-three cases in this district in the last six years. *Conquistador v. Hartford Police Department et al.*, No. 3:15-cv-01617-MPS; *Conquistador v. Hartford Police Department et al.*, No. 3:15-cv-01618-MPS; *Conquistador v. Hartford et al.*, No. 3:16-cv-00151-MPS; *Conquistador v. Emergency Services and Public Protection et al.*, No. 3:16-cv-00836-MPS; *Conquistador v. United States Marshals Service et al.*, No. 3:16-cv-00837-MPS; *Conquistador v. Attorney General et al.*, No. 3:16-cv-00838-MPS; *Conquistador v. New Britain et al.*, No. 3:16-cv-00839-MPS; *Conquistador v. Connecticut et al.*, No. 3:16-cv-00842-MPS; *Conquistador v. Hartford Public Library*, No. 3:16-cv-02105-MPS; *Conquistador v. Zweibelson et al.*, No. 3:17-cv-00132-KAD; *Conquistador v. Buccheri et al.*, No. 3:17-cv-00133-MPS; *Conquistador v. Connecticut et al.*, No. 3:17-cv-01970-MPS; *Conquistador v. Feliciano et al.*, No. 3:18-cv-00539-MPS; *Conquistador v. Meriden et al.*, No. 3:18-cv-00685-MPS; *Conquistador v. Thomas-Hill Lawn Care and Landscaping, LLC et al.*, No. 3:18-cv-00686-MPS; *Conquistador v. Adimitis*, No. 3:18-cv-01178-MPS; *Consquistador v. Adimitis*, 3:18-cv-1240-MPS; *Conquistador v. Adamaitis*, No. 3:19-cv-00430-KAD; *Conquistador v. Hannah et al.*, No. 3:19-cv-01293-KAD; *Conquistador v. Syed et al.*, 3:19-cv-01450-KAD; *Conquistador v. Cook et al.* 3:19-cv-01471-KAD; *Conquistador v. Martin et al.*, No. 3:19-cv-01965-KAD; and *Conquistador v. Hurdle et al.*, No. 3:20-cv-01658-KAD. Many of these cases are also replete with Plaintiff's noncompliance with court orders and rules.

the Plaintiff determined to thwart the discovery process by not attending his deposition.[4] His refusal to document, under seal, his explanation furthers this inference.

Nor have Plaintiff's subsequent actions demonstrated either that he was substantially justified in missing his scheduled deposition or that special circumstances would render the imposition of sanctions unjust. *See John Wiley & Sons, Inc.*, 298 F.R.D. at 148. Plaintiff's claim that he suffered a severe reaction to the COVID-19 vaccination, which might explain both his absence and his poor communications with Defendants, is unsubstantiated. Given the egregious nature of the allegations, and the highly suspect timing of the Plaintiff's communications regarding the deposition, the Court ordered the Plaintiff to produce documentary evidence to support his claim. The Court offered that the document could be filed under seal. Plaintiff nevertheless decided to disregard that order by submitting his declaration that he received the vaccine May 3 and became ill. On this record, the Plaintiff's declaration is not credible. Further, Plaintiff's opposition makes no affirmative argument against Defendant's motion for sanctions. It is simply a response to the Court's Order, rather than an opposition to the Defendants' motion. In other words, when ordered to substantiate his absence from his duly noticed deposition and when given an opportunity to contest the imposition of sanctions, Plaintiff chose to do neither. "All litigants, including *pro ses*, have an obligation to comply with court orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Accordingly, the Court finds that Plaintiff's failure to appear at his deposition was neither justified nor excusable, and sanctions are appropriate.

---

[4] Plaintiff has faced summary judgment motions in at least five of the cases listed in the previous footnote, and Plaintiff has therefore likely been deposed on a number of occasions. *See Conquistador v. New Britain et al.*, No. 3:16-cv-00839-MPS; *Conquistador v. Hartford Public Library*, No. 3:16-cv-02105-MPS; *Conquistador v. Zweibelson et al.*, No. 3:17-cv-00132-KAD; *Conquistador v. Meriden et al.*, No. 3:18-cv-00685-MPS; and *Conquistador v. Adamaitis*, No. 3:19-cv-00430-KAD. In other words, Plaintiff knows how to schedule a deposition and with whom he should be communicating. Notably, it was the Plaintiff's testimony at his deposition in the *Adamaitis* matter that contributed significantly to summary judgment being granted in the defendant's favor. This too supports the inference that the Plaintiff purposefully failed to appear at his deposition.

**Sanctions**

Sanctions pursuant to Rule 37 serve three purposes: first, sanctions ensure that party will not be able to profit from its own failure to comply; second, the potential for sanctions serve as specific deterrents, and like civil contempt, they seek to secure compliance with the particular order at hand; and third, sanctions provide a court with the means to ensure general compliance with its orders. *See, e.g.*, *Cine Forty-Second Theatre Corp v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979). District courts consider several factors when contemplating the appropriate sanctions to be imposed, including but not limited to: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *See S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013) (quotations and citations omitted). Although all of the sanctions listed in Rule 37(b)(2) are available to address a litigant's failure to appear at a duly noticed deposition, dismissal is only appropriate after the district court has considered lesser alternatives. *See id.* at 24 (citations omitted). In any event, reasonable expenses and attorneys' fees must be paid unless the disobedient party's failure was substantially justified or other circumstances make the award unjust. *See* Fed. R. Civ. P. 37(b)(2)(C); *see also John Wiley & Sons, Inc.*, 298 F.R.D. at 151 (applying the mandatory provision of Rule 37(b)(2)(C)).

Dismissal is too extreme a sanction in this case, where the sanctionable offense has, to this point, been contained to a single series of events, *cf. Manigualte v. C.W. Post of Long Island University*, 533 F. App'x 4, 5–6 (2d Cir. 2013) (upholding dismissal where plaintiff had repeatedly refused to appear for a deposition and to provide medical records confirming an alleged excuse for failing to appear), and the prejudice to the Defendants can be mitigated moving forward.

The Court therefore **ORDERS**, pursuant to its authority under Rule 37, as follows:

**ORDERED** that Plaintiff shall pay $134.00, the expenses incurred by Defendants for the missed deposition, to Defendants' counsel by June 25, 2021; and it is further

**ORDERED** that after Plaintiff pays the $134.00, Plaintiff's deposition shall be rescheduled to occur no later than July 26, 2021; and it is further

**ORDERED** that Plaintiff's failure to make the payment required herein, thereby foreclosing the re-scheduling of his deposition, shall result in the preclusion of his testimony at trial, and may result in dismissal of this action upon motion of the Defendants; and it is further

**ORDERED** that Plaintiff's failure to attend his deposition, if re-noticed, shall result in the preclusion of his testimony at trial, and may result in dismissal of this action upon motion of the Defendants; and it is further

**ORDERED** that dispositive motions are due on or before September 8, 2021; and it is further

**ORDERED** that discovery is otherwise closed.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of June 2021.

       /s/ *Kari A. Dooley*
       KARI A. DOOLEY
       UNITED STATES DISTRICT JUDGE